Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **23-CI-00601**
Court: **CIRCUIT**
County: **BOYD**

*Plantiff,* **STAPLETON, LARRY VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTO,** *Defendant*

TO: **CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

The Commonwealth of Kentucky to Defendant:
**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Boyd Circuit Clerk
Date: **8/23/2023**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 648410044217629@00000169209
CIRCUIT: 23-CI-00601 Certified Mail
STAPLETON, LARRY VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTO



EXHIBIT
A

eFiled

Package : 000002 of 000008
Presiding Judge: III, HON. GEORGE W. DAVIS (632306)
Package : 000002 of 000008

COMMONWEALTH OF KENTUCKY
BOYD CIRCUIT COURT
CIVIL ACTION NO. __________
*Electronically Filed*

LARRY STAPLETON PLAINTIFF

vs. **COMPLAINT**

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON DEFENDANTS

**To be served through:**
CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

*** *** *** ***

Comes the Plaintiff, Larry Stapleton, and for his Complaint against Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company, states as follows:

1. Plaintiff Larry Stapleton is a citizen and resident of Kitts Hill, Lawrence County, Ohio.
2. Defendant Lincoln Life Assurance Company of Boston (hereinafter "Lincoln Life" or collectively "Defendant"), previously known as Liberty Life Assurance Company of Boston, is an insurance company domiciled in the state of New Hampshire, where it is a citizen and resident, with a statutory home office located at 175 Berkley Street, Boston, Massachusetts 02117.



Package : 000003 of 000008

Presiding Judge: II, HON. GEORGE W. DAVIS (632306)

Package : 000003 of 000008

3. Lincoln Life's service of process agent is CSC-Lawyers Incorporating Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.
4. Defendant Lincoln Life is believed to be authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.
5. Upon information and belief, Lincoln Life has merged with The Lincoln National Life Insurance Company (hereinafter "Lincoln National" or "Defendant").
6. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 S. Harrison Street, Fort Wayne, Indiana 46802.
7. Lincoln National's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.
8. Defendant Lincoln National is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.
9. Jurisdiction and venue are proper in this Court because Defendants transact business and caused damages in the Commonwealth of Kentucky, and Plaintiff was employed in, and obtained coverage in, Boyd County, Kentucky.
10. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Flowserve Corporation, since on or about April 11, 2011, employed as a Manual/CNC Machinist.
11. Flowserve Corporation established and provided a long-term disability Plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The long-term disability ("LTD")

Package : 000004 of 000008

Presiding Judge: III, HON. GEORGE W. DAVIS (632306)

Package : 000004 of 000008

Policy Number is believed to be GF3-890-449723-01 (hereinafter "LTD Policy" or "Policy").

12. Plaintiff was covered and eligible under the Plan and Policy.

13. The LTD Policy defines disability and entitles Plaintiff to receive LTD benefits, if Plaintiff meets the following definition:

**"Disability"** or **"Disabled"** means:

i. **"Disability"** or **"Disabled"** means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

14. Defendants have a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD Policy.

15. Plaintiff, while working for Flowserve Corporation, became disabled under the terms of the LTD Policy on or about May 5, 2020, and his disability arose after the Effective Date of the Policy.

16. Plaintiff has been unable to return to work at Flowserve Corporation, or any other occupation, since his last date of work on or about May 4, 2020, and remains disabled under the terms of the LTD Policy.

17. Plaintiff timely and properly submitted a claim to Defendants, consistent with the terms of the LTD Policy. Plaintiff's disability claim number is believed to be 10467844.

18. Prior to his LTD claim, Plaintiff received short-term disability benefits.

19. By letter dated October 22, 2020, Defendants approved Plaintiff's claim for LTD benefits, with benefits scheduled to begin on November 1, 2020.

20. Plaintiff thereafter continued receiving LTD benefits from Defendants for a period of time.



Package : 000005 of 000008

Presiding Judge: III, HON. GEORGE W. DAVIS (632306)

Package : 000005 of 000008

21. The Social Security Administration has deemed Plaintiff disabled effective February 1, 2022.

22. By letter dated August 13, 2022, Defendants denied Plaintiff's claim for LTD benefits under the Policy beyond October 31, 2022.

23. On September 15 2022, Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable Policy.

24. Plaintiff submitted additional information, including medical records and an opinion letter from his medical provider, to Defendants with his appeal and in correspondence thereafter.

25. By letter dated November 22, 2022, Defendants upheld the denial of Plaintiff's claim for LTD benefits beyond October 31, 2022.

26. The November 22, 2022 letter states Plaintiff's "administrative right to review has been exhausted" and Plaintiff has "the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review."

27. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" or "disabled" under the terms of the applicable Policy.

28. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

29. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

**COUNT I**

30. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

31. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendants' improper denial of benefits under the Plan and to recover benefits under the terms of the Plan.

Package : 000006 of 000008
Presiding Judge: III, HON. GEORGE W. DAVIS (632306)
Package : 000006 of 000008

32. Under the terms of the insurance Policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the Policy.

33. Plaintiff is entitled to LTD benefits, and Defendants should be required to perform under the contract and pay benefits to Plaintiff.

34. Defendants' decision to terminate benefits, and the refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendants, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the Plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

35. Defendants have an inherent conflict of interest because it not only is the entity(ies) responsible for paying benefits to Plaintiff, but it is also the entity(ies) that makes the determination of whether Plaintiff qualifies for those benefits.

36. Defendants employed individuals to perform file reviews of Plaintiff's claim and used these file reviews to support the denials of benefits. The individuals employed by Defendants did not examine or speak with Plaintiff.

37. Defendants disregarded the objective medical evidence submitted by Plaintiff on appeal.

38. Defendants' review processes, including the failure to examine Plaintiff, lacked due process to Plaintiff.

39. Defendants' review processes, including the failure to examine Plaintiff, were biased in favor of Defendants.

40. Defendants' internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

41. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.



Package : 000007 of 000008

Presiding Judge: III, HON. GEORGE W. DAVIS (632306)

Package : 000007 of 000008

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendants for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Package : 000008 of 000008
Presiding Judge: III, HON. GEORGE W. DAVIS (632306)
Package : 000008 of 000008

Tracey L. Kelley, Boyd Circuit Clerk
2805 Louisa Street, P.O. Box 688
Catlettsburg, KY 41129-0688

CSC-LAWYERS INCORPORATING SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

# KCOJ eFiling Cover Sheet

Case Number: 23-CI-00601

Envelope Number: 6484100

Package Retrieval Number: 648410044217629@00000169209

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 15.87

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.



Package : 000001 of 000008