**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-91-DLB-EBA**

**LARRY STAPLETON** **PLAINTIFF**

**v.** **ORDER FOR MEETING AND REPORT**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**
**and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** **DEFENDANTS**

* * * * * * * * * * * * * * * *

Defendant having removed this case from Boyd Circuit Court (Doc. # 1), having filed its Answer to the Complaint (Doc. # 7) and pursuant to Federal Rules of Civil Procedure 16 and 26,

**IT IS ORDERED** as follows:

1. **Within twenty-one (21) days from the date of the entry of this Order**,, counsel for the parties shall conduct the meeting of parties required by Rule 26(f) to discuss the possibilities for a prompt settlement or resolution of the case and to develop a proposed case management plan.

2. At the time of the meeting, counsel for the parties shall determine whether this action is exempt from the Rule 26(a)(1) disclosures pursuant to Rule 26(a)(1)(B)(i). If the action is not exempt, the parties shall make the required disclosures within the time required by the Rules and, in the future, shall make supplemental disclosures when required by Rule 26(e).

3. **Within ten (10) days after the meeting**, the parties shall file a **joint status report** containing:

(a) the identity of each participant and the party each participant represents in this action;

(b) the parties' views and proposals required by Rule 26(f), where applicable;

(c) whether settlement is a possibility;

(d) whether the parties agree as to the exact nature of this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001;

(e) the length of time counsel reasonably believe will be necessary to file the administrative record and other relevant plan documents;

(f) the length of time counsel reasonably believe will be necessary to join other parties and to amend the pleadings;

(g) whether the parties agree concerning discovery beyond that contained in the administrative record or information submitted during the administrative appeals process. If the parties do not agree, each party shall submit a memorandum of points and authorities on whether discovery is needed or permissible concurrently with the parties' report of planning meeting. These memoranda shall not exceed five (5) pages in length and should address the holding of the Sixth Circuit Court of Appeals in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) as well as any other relevant authority;

(h) the length of time counsel reasonably believe will be necessary to file dispositive motions;

(i) whether the parties agree as to the applicable standard of review they believe should be applied by this Court. If the parties do not agree, each party shall submit a memorandum of points and authorities regarding the standard of review applicable to this action concurrently with the parties' report of planning meeting. These memoranda shall not exceed five (5) pages in length;

(j) identify any other additional issues the parties believe are unique to this action; and

(k) whether the parties will consent to the jurisdiction of the presiding Magistrate Judge (Atkins) for all further proceedings pursuant to 28 U.S.C. § 636(c). Consent forms are attached to this order and forms signed by all parties' counsel should be filed by no later than the date counsels' joint status report is due. If all parties, by counsel, so consent, the Clerk of Court shall re-assign this matter to the appropriate Magistrate Judge without the necessity of further order of the Court. L.R. 73.1(c).

Should the parties find that a joint status report is not possible, the parties shall each file individual reports which the Court shall entertain for the purposes of setting out its Scheduling Order or other appropriate Order.

This 20th day of September, 2023.

**Signed By:**
***David L. Bunning***
**United States District Judge**

L:\DATA\ORDERS\Ashland Civil\2023\23-91 M&G Order ERISA.docx