**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

| | | |
|---|---|---|
| **LARRY STAPLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 0:23cv00091-DLB-EBA** |
| **v.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1. Pursuant to Rule 26(f), a meeting was held on October 11, 2023, and was attended by Elizabeth A. Thornsberry behalf of Plaintiff Larry Stapleton ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company[1] ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outlined below.

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, the named defendants in this action are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

3. The above-styled action is a claim by Plaintiff for recovery of disability benefits and to enforce Plaintiff's rights under the terms of the Plan and to clarify his rights to future benefits under the Plan. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (c) below in lieu of the deadlines requested in a standard schedule.

(a) Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before January 31, 2024.

(b) The deadline for the Parties to amend pleadings or join parties shall be November 10, 2023.

(c) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on

a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. **October 26, 2023** - Deadline for Defendant to produce Administrative Record to Plaintiff
2. **January 31, 2024** - Deadline to Complete Discovery.
3. **February 7, 2024** - Deadline to file Stipulated Administrative Record.
4. **March 6, 2024** - Deadline to file cross motions for summary judgment.
5. **March 20, 2024** - Deadline to file response briefs.
6. **April 3, 2024** - Deadline to file reply briefs, at which time the case will stand submitted.

(d) The parties anticipate that discovery can be reasonably completed on or before January 31, 2024.

(e) The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits. As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on the Administrative Record and briefing schedule. Accordingly, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(f) The Parties do not desire a scheduling conference before entry of a scheduling order.

(g) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

(h) The Parties agree that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B), but the Parties do not agree that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.

(i) The Parties agree the arbitrary and capricious standard of review applies to this case.

Respectfully submitted this 19th day of October 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/Elizabeth A. Thornsbury (with permission)
Elizabeth A. Thornsbury
Email: elizabeth@austinmehr.com
Philip G. Fairbanks
Email: pgf@austinmehr.com
MEHR FAIRBANKS TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830

COUNSEL FOR PLAINTIFF